E. G. GRIFFIN *v.* GEORGE L. POWERS *et al.*\*

(*Nashville.* December Term, 1924.)

1. **PHYSICIANS AND SURGEONS.** License held properly revoked, as erroneously issued to dentist not practicing in State.

License granted by state board of dental examiners to a dentist who did not personally engage in the practice in Tennessee, or contemplate doing so, *held* properly revoked, as erroneously issued, under Pub. Acts 1st Ex. Sess. 1913, chapter 39. (Post, p. 58.)

2. **CONSTITUTIONAL LAW.** Dentist not practicing personally in Tennessee, or contemplating doing so, could not question validity of act pertaining to issuance of license.

A dentist not practicing personally in Tennessee, and not contemplating doing so, *held* not entitled to question the validity of section 7, chapter 39, Pub. Acts 1st Ex. Sess. 1913, pertaining to the issuance of license to practice dentistry. (*Post, p. 58.*)

\*Headnotes 1. Physicians and Surgeons, *30* Cyc., p. 1557; 2. Constitutional Law, 12 C. J., section 177.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —HON. R. T. SMITH, Special Chancellor.

CARLISLE LITTLETON, for appellant.

ED. T. SEAY and STICKLEY & FITZHUGH, for appellees.

On validity of statute providing for revocation of license of physician, surgeon, or dentist, see note in 5 A. L. R., 94.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Dr. Griffin filed the original bill in this cause on June 19, 1924, against the members of the state board of dental examiners, as constituted by chapter 39, Acts First Extra Session 1913, for the purpose of enjoining them from revoking his license to practice dentistry in Tennessee.

The bill states that on May 17, 1924, said board issued a certificate authorizing him to practice dentistry up to June 30, 1925, and that on May 19, 1924, he was notified by said board to appear before it on June 20, 1924, and show cause why his license should not be revoked. Said notice specified the charges preferred against him.

The bill alleged that complainant was a resident of Atlanta, Ga., where he practiced his profession; that he maintained a dental parlor in his name in Chattanooga, where he employed licensed dentists to do the work. It was not alleged in the bill that complainant personally practiced his profession in Tennessee, or that he contemplated doing so.

Upon this state of facts the special chancellor dismissed the bill for want of equity upon its face, and we think that in this he was correct.

The act in question contemplates the licensing of those only who personally practice the profession in this State. It is the skill of the particular individual that entitles him to a license to practice his profession in this State.

The caption of the original act is entitled "An act to regulate the practice of dentistry in the State of Tennessee."

It was not the purpose of the legislature to license non-resident dentists practicing in another State.

Practicing dentistry within this State is thus defined in section 14 of the act, to-wit:

''Any person shall be regarded as practicing dentistry, within the meaning of this Act, who shall diagnose, or profess to diagnose, or examine and contract for the treating of, or treat, or profess to treat, or hold himself out as treating, any of the diseases or disorders or lesions of the oral cavity, teeth, gums, maxillary bones, or extract teeth, or repair or fill cavities in human teeth, correcting malposition of teeth or jaws, or supply artificial teeth as substitutes for natural teeth, or administer anæsthetics, general or local, or any other practice included in the curricula of recognized dental colleges: Provided, that nothing in this act shall be so construed as to prevent regularly licensed physicians and surgeons from extracting teeth or treating any diseases coming within the province of the practice of medicine or surgery.''

The complainant does not claim in his bill that he is personally engaged in doing any of the things just enumerated in Tennessee.

That the act is personal in its nature, and refers only to those actually doing the work, is given expression in section 17 as follows:

''It shall be unlawful for any person or persons· to· practice or offer to practice dentistry or dental surgery under, or use the name of, any company, association, or corporation, or business name, or under any name except its own name, or to operate, manage, or be employed in any room or rooms or office where dental work is done or

contracted for and that is operated under the name of any company, association, trade name, or corporation. Any person or persons practicing or offering to practice dentistry or dental surgery shall practice under and use his or her name only.''

The act, in effect, prohibits the modern tendency of commercializing the profession, and is directed at the very thing which the complainant is undertaking to do, viz. have local dentists practice their profession in his name.

It follows that the state board of dental examiners erroneously issued a license to the complainant, and they have a right to revoke the same.

The state board of law examiners, and other state boards, only issue licenses to those who signify their intention to reside and practice their profession in this State.

Since the act has no application to one situated as complainant is, we are of the opinion that he is not in a position to question the validity of section 7 of the act.

It is conceded that the State has a right, by reasonable legislative enactments, to regulate the practice of dentistry within the State.

If complainant were personally engaged in practicing dentistry in this State, he could then raise the constitutionality of section 7 of the act.

The decree of the chancellor will be affirmed, with costs.